IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Muriel Nelson-Godfrey, | ) |
| Plaintiff, | ) |
| v. | ) No. 23 C 16893 |
| Cook County, | ) |
| Defendant. | ) |

Memorandum Opinion and Order

Plaintiff worked as a Certified Pharmacy Billing Specialist at a hospital within the Cook County Health and Hospital System ("CCH").[1] First Am. Compl. ("FAC"), ECF 15 ¶ 1. When CCH required that its employees be vaccinated against Covid-19, plaintiff submitted a religious exemption request. *Id.* ¶ 3; ECF 17-2.[2] After

---

[1] Plaintiff names CCH as the defendant, but as a subdivision or department of Cook County, CCH is not a suable entity, and Cook County is the real party in interest. *Serv. Emps. Int'l Union, Local 73 ex rel. Condon v. County of Cook*, No. 13 cv 2935, 2014 WL 793114, at *4 (N.D. Ill. Feb. 26, 2014) (citing *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993); additional citations omitted). Because the first amended complaint is dismissed on the merits, this technical defect can be ignored.

[2] Plaintiff did not attach this exemption request to her first amended complaint, but defendant filed it with the present motion. Plaintiff does not object to my consideration of this document, and indeed it may be considered because it is referenced in the first amended complaint and central to it. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (observing that

submitting that request, plaintiff went on leave for a medical procedure until early December 2021. FAC ¶¶ 5, 9. While she was on leave, CCH denied her request. *Id.* ¶ 6–7; ECF 15-2 at 2. By the time she returned from medical leave, CCH's vaccination requirement was in effect and plaintiff was temporarily placed on unpaid leave, during which time she could seek other positions within CCH that allowed for full-time telework. FAC ¶ 10. Finally, on June 23, 2022, CCH terminated plaintiff for her failure to comply with its vaccination requirement. *Id.* ¶ 11.

Plaintiff brings this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5/1-101 *et seq.* Defendant now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). The motion is granted.

Plaintiff grounds her two Title VII claims, which she styles as "failure to accommodate" and "disparate treatment," on the provision at 42 U.S.C. § 2000e-2(a)(1).[3] That provision prohibits

---

"documents that are critical to the complaint and referred to in it" may be considered on a Rule 12(b)(6) motion).

[3] The Supreme Court has explained that there are only two causes of action under Title VII: the "disparate treatment" provision under § 2000e-2(a)(1) and the "disparate impact" provision under § 2000e-2(a)(2). *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 771 (2015). A "failure to accommodate" claim is a type of the former. *Id.* at 771–73. Count III, for violation of the IHRA, depends on same standard as plaintiff's Title VII claims. *See Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th

employers from taking certain specified actions "because of" an employee's "religion." *Id.* "Religion" is in turn defined to "include[e] all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate" a "religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* § 2000e(j). For an employer's decision to be "because of" an employee's religion, the religion must be "a motivating factor" in the decision. *Abercrombie*, 575 U.S. at 772. Thus, at this stage plaintiff must at least plausibly allege a religious belief, practice, or observance that was a motivating factor in CCH's decision to place her on unpaid leave and ultimately fire her.

For Title VII purposes, a belief is religious if it "occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God." *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 448 (7th Cir. 2013) (quoting *United States v. Seeger*, 380 U.S. 163, 165–66 (1965)). Such beliefs "involve[] matters of the afterlife, spirituality, or the soul, among other possibilities." *Id.* (citation omitted). "It is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of a particular litigants' interpretations of those creeds." *Hernandez v. Comm'r of Internal*

---

Cir. 2016) ("Illinois courts apply the federal Title VII framework to IHRA claims." (citations omitted)).

*Revenue*, 490 U.S. 680, 699 (1989). But not every belief or opinion is religious in nature or deserving of protection under Title VII. *See Guthrie-Wilson v. Cook County*, No. 1:23-cv-362, 2023 WL 8372043, at *2 (N.D. Ill. Dec. 4, 2023) ("[C]ourts must distinguish between religious beliefs and other matters of personal conviction, as only the former are entitled to the protections of Title VII." (citing *Snyder v. Chi. Transit Auth.*, No. 22 CV 6086, 2023 WL 7298943, at *7 (N.D. Ill. Nov. 6, 2023))).

In the exemption request submitted to CCH, plaintiff stated:

> I, Muriel Nelson Godfrey, Minister of FOREVER SOARING AND ELEVATING MINISTRY WHERE GOD SPEAKS, enacting by Divine Right bestowed by THE ALL in All do hereby attest to, notice and acknowledge, that I, Muriel Nelson Godfrey, an ordained Minister of this Religious Organization deems that I am Exempt from State or Federal vaccination and immunization requirements on Religious and philosophical grounds of FOREVER SOARING AND ELEVATING MINISTRY WHERE GOD SPEAKS.

ECF 17-2. This language is insufficient to support plaintiff's claims because it does not identify a "religious observance," "practice," or "belief," as required by the statute. *See* 42 U.S.C. § 2000e(j); *Hassett v. United Airlines, Inc.*, No. 23 C 14592, 2024 WL 1556300, at *3 (N.D. Ill. Apr. 10, 2024) (finding unadorned allegation that plaintiff "holds 'Christian' beliefs 'against getting the COVID-19 vaccine'" insufficient to support Title VII religious discrimination claim because one must allege "facts explaining how his beliefs conflict with vaccination"). Nor is it important, as plaintiff urges, that in its letter denying her

4

request CCH stated that it "fully respects [her] religious beliefs, practices, and rights." ECF 15-2 at 2. That is not an admission that plaintiff had identified religious beliefs entitled to protection. *See Bartholomew v. Washington*, No. 3:23-cv-05209-DGE, 2024 WL 1426308, at *4 (W.D. Wash. Mar. 26, 2024) ("Although [plaintiff's employer] ultimately found [he] held a religious belief preventing him from complying with the vaccine requirement, that determination does not bind this Court's analysis.").

In her first amended complaint, plaintiff alleges her purportedly conflicting beliefs with more specificity. Those beliefs include: (1) "religious objections to vaccines that were developed or tested using aborted fetuses or any other body part of a once living creature"; (2) her "religious beliefs dictat[ing] that her body is a temple of God, and therefore, she cannot knowingly inject herself with something that could alter, harm, or defile the body that God designed"; and (3) her belief that "the Bible instructs [her] not to consume or place into her body anything that may render her body unclean, which, in her personal system of religious beliefs, includes the COVID-19 vaccines." FAC ¶ 61.

In framing her concerns in the second and third enumerated beliefs, plaintiff invokes vaguely religious themes like describing her body as a "temple of God" that she must protect against "unclean" substances, but these broad appeals to personal

5

health, if counted as religious for Title VII purposes, would provide a nearly "limitless excuse for avoiding" all sorts of work requirements. *Ellison v. Inova Health Care Servs.*, No. 1:23-cv-00132 (MSN/LRV), 2023 WL 6038016, at *5 (E.D. Va. Sept. 14, 2023) (quoting *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465 (M.D. Pa. 2022)). Plaintiff neglects to explain--other than with respect to her abortion-related belief, addressed below--what about her religious beliefs makes a Covid-19 vaccine "unclean" or dangerous to her God-made body. She assails at length the safety and efficacy of Covid-19 vaccines, *see* FAC ¶¶ 30-55, 82-97, but those concerns are secular in nature and cannot provide the basis for a religious discrimination claim.

Courts across the country have largely rejected attempts to maintain such claims against Covid-19 vaccination requirements where those claims are rooted in beliefs like the ones plaintiff invokes here. *See Guthrie-Wilson*, 2023 WL 8372043, at *2 ("[A]lthough plaintiff purports to ground her refusal to receive the Covid-19 vaccine in her faith as a Seventh Day Adventist, she identifies no specific religious tenet that conflicts with Covid-19 vaccination, citing only the broad principle that she must 'practice a healthy lifestyle and abstain from anything that could bring her harm.'"); *Thornton v. Ipsen Biopharmaceuticals, Inc.*, No. CV 23-11171-JCB, 2023 WL 7116739, at *4 (D. Mass. Oct. 26, 2023) (dismissing Title VII religious discrimination claim

6

premised on belief that "it would violate [the plaintiff's] sincerely held religious beliefs and jeopardize [her] soul and eternal salvation to go against God by defiling [her] perfectly created body that He created in His image by receiving the vaccine"); *Ellison*, 2023 WL 6038016, at *5 (rejecting objections based on body-as-a-temple beliefs); *Ulrich v. Lancaster Gen. Health*, No. CV 22-4945, 2023 WL 2939585, at *5–6 (E.D. Pa. Apr. 13, 2023) (same); *Petermann v. Aspirus, Inc.*, No. 22-cv-332-jdp, 2023 WL 2662899, at *2 (W.D. Wis. Mar. 28, 2023) (same); *Passarella v. Aspirus, Inc.*, Nos. 22-cv-287-jdp, 22-cv-342-jdp, 22-cv-392-jdp, 2023 WL 2455681, at *5–6 (W.D. Wis. Mar. 10, 2023) (same). *But see Pasarella*, 2023 WL 2455681, at *7 (allowing one plaintiff's Title VII religious discrimination claim to proceed based on allegation that "I oppose all vaccines. My children are not vaccinated. My husband has never been vaccinated. My son is not circumcised. We are the way God made us. It is my right [as] an American and a Christian to remain that way.").

Plaintiff's objection to receiving vaccines tested or developed using aborted fetal cells fares no better, though for a different reason: she does not plausibly allege that CCH was ever made aware of this belief. While she is not required to allege, or even later show, that CCH had "actual knowledge" of her need for a religious accommodation, she must allege enough to infer that her religious belief was "a motivating factor in the employer's

7

decision." *Abercrombie*, 575 U.S. at 772. The first amended complaint does not plausibly allege that CCH had any awareness, even a sneaking suspicion, that plaintiff needed an accommodation based on her abortion-related beliefs. *See Bube v. Aspirus Hosp., Inc.*, No. 22-cv-745-jdp, 2023 WL 6037655, at *5 (W.D. Wis. Sept. 15, 2023) (rejecting similar abortion-related belief as basis for Title VII claim because no plausible allegations that the belief was presented to employer). The exemption request plaintiff submitted does not mention those beliefs, so it is implausible that CCH considered them in making its decisions to place plaintiff on unpaid leave and eventually terminate her. Instead, the first amended complaint plausibly suggests that plaintiff was placed on leave and terminated for her failure to comply with a generally applicable health and safety policy.

For the foregoing reasons, defendant's motion to dismiss is granted. Though a plaintiff should typically have at least one opportunity to amend following dismissal, *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015), here plaintiff already had the chance to address defendant's arguments--which were raised in its motion to dismiss her original complaint--in drafting her first amended complaint. Accordingly, dismissal is with prejudice.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 28, 2024